IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

JAN 27 2014

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

| | |
|---|---|
| DONNA CLARK, on behalf of herself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> NEIMAN MARCUS GROUP, LTD, LLC, dba NEIMAN MARCUS, <br><br> Defendant. | TCB <br><br> No. **1:14-CV-0236** <br><br> COMPLAINT - CLASS ACTION <br> JURY TRIAL DEMANDED |

## CLASS ACTION COMPLAINT

Plaintiff Donna Clark hereby brings this class action suit pursuant to Rule 23 of the Federal Rules of Civil Procedure. She brings it against NEIMAN MARCUS GROUP, LTD, LLC, dba Neiman Marcus, for declaratory judgment, injunctive relief, and damages to remedy the Defendant's negligence in allowing sensitive, personal financial data of the Plaintiff and Class to be stolen by criminals whose possession of the data has injured the Plaintiff and Class. The Defendant is a national retailer, and the case arises from a massive theft of credit-card information and other personal data from Neiman Marcus. The data belongs to the Plaintiff and Class.

### NATURE OF THIS ACTION

1.  Plaintiff brings this class action suit on her own behalf and on behalf of

all other persons similarly situated to her to redress the Defendant's failures to (a) exercise reasonable care to safeguard the Plaintiff's and Class' sensitive, personal financial data, specifically credit-card information of the Plaintiff and Class, (b) exercise the degree of care a reasonably careful retailer would use in circumstances similar to these, and (c) act reasonably to protect the Plaintiff and Class from the consequences of its negligence in allowing the credit-card data to be stolen, possessed, and used by criminals.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1332, as amended by the "Class Action Fairness Act of 2005." The matter in controversy exceeds the sum of $5,000,000, exclusive of interest and costs; the Plaintiff and Defendant are diverse; and there are more than 100 class members.

3. The Defendant, upon information and belief, is a Delaware organization which is operated from its principal place of business in Dallas, Texas. It is a citizen of Delaware and of Texas, accordingly. It owns and operates retail stores in many states of the U.S.A.

4. Plaintiff Donna Clark resides in Fulton County, Georgia, and is a citizen of Georgia. She used her credit card to make a purchase at the Neiman Marcus store in Atlanta, i.e., in this District, on or about July 23, 2013, and September 26, 2013,

which are within the class period set forth in this complaint.

5.  Venue lies in this District pursuant to 28 U.S.C. § 1391(a)(2), because the Defendant obtained the Plaintiff's credit-card and other personal information in the District, utilized that information for its own benefit here, namely in connection with its sale of goods or services to the Plaintiff, and the wrongs alleged against the Defendant arose from those events in whole or in part.

## ALLEGATIONS

6.  The Defendant, to sell goods and services to customers, receives, utilizes, and takes custody of a wide range of financial and personal information from millions of customers. The information includes data on credit cards, on debit cards linked to checking accounts, and from transactions for returned merchandise. Because it failed to act reasonably to safeguard the information, more than one million customers have had their personal financial information compromised and stolen. The customers include the Plaintiff, and they constitute the Class she seeks to represent. The Plaintiff and the Class have had their privacy rights violated, have been exposed to the risk of fraud and identity theft, and have otherwise suffered damages. Neiman Marcus' negligence is to blame.

7.  The Defendant is a retailer of fine fashion and other luxury goods. It owns and operates stores across the United States, including in Atlanta, Georgia,

where the events of the case arose in whole or in part.

8. In January, 2014, the Defendant first revealed a massive security breach by which thieves stole from the Defendant the above-described personal data of the Plaintiff and the Class. The theft was preventable by means reasonable to the Defendant, but it failed to utilize them. It occurred in the last six months of 2013, ending on or about November 1, 2013, according to Neiman Marcus. That ending date is unconfirmed, and in fact, the extent and duration of the theft may be greater than the Defendant has revealed.

9. Upon information and belief, 1.1 million persons are customers of the Defendant whose data has been stolen, harming them. That is the Class asserted here.

10. Upon information and belief, as many as two thousand and four hundred members of the asserted Class have had their credit cards used fraudulently as a result of the theft.

11. Upon information and belief, Neiman Marcus knew of the theft long before revealing it, and it failed to take steps in the interim to notify the Class to enable each Class member to act to protect themselves from further injury from the theft.

12. Upon information and belief, Neiman Marcus has failed to (a) act with reasonable speed to warn the Class of the harm of the theft, (b) contact all customers

4

whose data has been stolen to inform them when it was stolen and what was stolen, steps which would be reasonable in the circumstances, and (c) inform Class members of the precise nature of the theft, leaving the Plaintiff and the Class to guess at what data of theirs has been stolen and/or utilized in fraudulent transactions or for unjust purposes.

13. As a consequence of the foregoing failures by the Defendant, the Plaintiff and the Class are unable to take reasonable steps to mitigate their loss and to safeguard themselves from further harm.

14. Neiman Marcus, at all times relevant to this lawsuit, has been required to abide by stringent rules for the protection of customer data. The rules cover transactions on credit and debit cards. They require merchants to install and maintain security measures to prevent the theft of customer data, including but not limited to the use of firewalls to protect databases and other steps to ensure that cardholder information in the retailer's custody is not unreasonably exposed to the risk of theft.

15. The Defendant breached its duty to ensure that cardholder information in its custody was not unreasonably exposed to the risk of theft and utilization in fraudulent transactions. Upon information and belief, a lack of adequate security in the Defendant's information technology systems enabled the theft, or made it much more likely. Specifically, the Defendant failed to thwart, timely detect, and

5

report the installation of software on its point-of-sales terminals which the thieves used to steal the data at issue. Upon information and belief, these failures would have been prevented had Neiman Marcus (a) abided by the above-described rules for the prevention of theft of customer data, or (b) adhered to best practices and industry standards concerning the security of its computer systems, payment processing systems, and information technology systems.

16. As a result of that breach, thieves have taken and utilized data from the Plaintiff's and the Class' debit cards and credit cards, and the Plaintiff and Class will have to expend time, energy, and expense to mitigate the consequences of the theft, including, but not limited to, by purchasing credit reports and enrolling in credit monitoring and/or identity theft protection. They have experienced and will continue to experience uncertainty in connection with their credit and banking accounts, a material detriment to them, and they have suffered consequential emotional distress and mental anguish. Their credit and banking accounts are an increased risk of theft and unauthorized use in the future.

17. Plaintiff shopped at the Neiman Marcus store in Atlanta, GA on July 23, 2013, and again on September 26, 2013. Plaintiff made two point of sale magnetic swipe transactions on each day for a total of four transactions during the time period that her data and the Class' data are known to have been breached.

Plaintiff used her American Express credit card registered in her name, to her address, and which contained her personal data.

18. On January 26, 2014, Plaintiff received an email communication from the "Neiman Marcus Group" stating that "some of our customers' payment cards were used fraudulently." The email admits that Neiman Marcus knew of the breach as early as mid-December. It further admits that Neiman Marcus conclusively determined that on January 1, 2014, a "criminal cyber-security intrusion had occurred."

19. This email failed to provide Plaintiff, and those in the Class that received it, sufficient information to identify the extent of the data breach. It further detailed Neiman Marcus's failure to properly and timely alert the Plaintiff and Class to known data breaches. Neiman Marcus admits, by its own calculation, that it waited over a month to begin notifying the Plaintiff and Class and such delay harmed Plaintiff and the Class.

## CLASS ACTION ALLEGATIONS

20. Plaintiff brings this suit for herself and as a class action for all others similarly situated, namely all persons who had their personal financial data stolen from Neiman Marcus in the class period. She brings the suit under Rules 23, 23(a), 23(b)(2), and 23(b)(3) of the Federal Rules of Civil Procedure, on behalf of the

following Class for the following period of time:

    a.    All customers of Defendant whose personal financial data, including but not limited to credit card and debit card information, was (i) received by Defendant at a point of sale anytime in the last six months of 2013, and (ii) subsequently was hacked.

    b.    Class members shall not include the following persons or entities:

        (i)    Defendant's officers, directors, agents, or employees;

        (ii)    U.S. District Court judges, magistrate judges of any U.S. District Court, judges of the U.S. Court of Appeals for the Eleventh Circuit, and U.S. District Court personnel having any involvement with administration and/or adjudication of this lawsuit; and

        (iii)    Class counsel and their employees.

21.    The Class period begins July, 2013, and ends December 31, 2013.

22.    Membership in the Class is so numerous as to make it impractical to bring all Class members before the Court. The identity and exact number of Class members is unknown at this time, but the number is reasonably estimated to exceed 1.1 million persons.

23.    The Defendant's negligence affects all Class members in exactly the same way, even though the degrees of harm suffered by individual Class

8

members may vary. The Defendant's conduct in failing to properly safeguard its customers' personal financial data and in failing to fully and effectively notify customers of the dates and precise nature of the theft of the data in a timely manner is uniform among the Class.

24. Questions of law and fact common to all Class members predominate over any questions affecting only individual members. Such questions of law and fact common to the Class include:

a. whether Defendant acted wrongfully by failing to properly safeguard its customers' financial data;

b. whether Defendant failed to fully and effectively notify customers of the dates and precise nature of the theft of the data in a timely manner;

c. whether Plaintiff and the Class have been damaged, and, if so, what is the appropriate relief as to each member of the Class; and

d. whether Defendant is due to be enjoined to fully and effectively report to the Class and its members individually the actual and precise nature of the theft of the data, to enable Class members to take reasonable and effective steps to protect themselves from further harm.

25. The Plaintiff's claims, as described herein, are typical of the claims of all Class members, as the claims of Plaintiff and all Class members arise from the

same set of facts regarding Defendant's failure to protect Class members' financial data. Plaintiff maintains no interest antagonistic to interests of other Class members.

26. Plaintiff is committed to the vigorous prosecution of this action and has retained competent counsel experienced in the prosecution of class actions of this type. Accordingly, Plaintiff is an adequate representatives of the Class and will fairly and adequately protect the interests of the Class.

27. This class action is a fair and efficient method of adjudicating the claims of Plaintiff and the Class for the following reasons:

a. common questions of law and fact predominate over any question affecting any individual Class member;

b. the prosecution of separate actions by individual members of the Class would likely create a risk of inconsistent or varying adjudications with respect to individual members of the Class thereby establishing incompatible standards of conduct for Defendant or would allow some Class members' claims to adversely affect other Class members' ability to protect their interests;

c. Plaintiff is not aware of any other litigation of these issues ongoing in this State or elsewhere brought by a nationwide class of consumers of Neiman Marcus;

d. this forum is appropriate for litigation of this action since the cause of

action arose in this District;

e.  Plaintiff anticipates no difficulty in the management of this litigation as a class action; and

f.  the Class is readily definable, and prosecution as a class action will eliminate the possibility of repetitious litigation, while also providing redress for claims that may be too small to support the expense of individual, complex litigation.

g.  the Defendant has acted in a similar manner with respect to the Plaintiff and the Class as a whole making injunctive relief proper.

28.  For these reasons, a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

## COUNT I NEGLIGENCE

29.  Plaintiff repeats and re-alleges the allegations contained in the foregoing paragraphs as if fully set forth herein.

30.  The Defendant had a duty to use reasonable care to protect the credit card and debit card information of the Class from theft. By its acts and omissions described herein, the Defendant unlawfully breached this duty. The Class was damaged thereby.

31.  The private financial information of the Class that was compromised

by the breach of Defendant's security included, without limitation, information that was improperly stored and inadequately safeguarded in violation of industry rules and regulations and best practices. Those rules, regulations, and best practices created a standard of care that the Defendant breached.

32. The breach of security was a direct and proximate result of Defendant's failure to use reasonable care to implement and maintain appropriate security procedures reasonably designed to protect the credit and debit card information and other nonpublic information of the Class. This breach of security and unauthorized access to the private nonpublic information of the Class was reasonably foreseeable.

33. Defendant was in a special fiduciary relationship with the Class by reason of its entrustment with credit and debit card information and other nonpublic information. By reason of this fiduciary relationship, Defendant had a duty of care to use reasonable means to keep the credit and debit card information and other nonpublic information of the Class private and secure.

34. Defendant also had a duty to fully inform Class members in a timely manner that their credit and debit card information and other nonpublic information has been stolen. If has failed to do, breaching its duty.

35. The theft of the Class' nonpublic information, and the resulting burden, fear, anxiety, emotional distress, and loss of time endured by Class members in efforts

to prevent or undo any further harm -- along with other economic and non-economic damages to the Class -- were the direct and proximate result of Defendant's negligence.

36.     Defendant had a duty to fully and timely disclose the theft to every person whose credit card and debit card information was stolen, to enable each affected customer to take appropriate measures to avoid unauthorized charges on their accounts, to cancel or change account numbers on the compromised cards, and to and monitor their account information and credit reports for fraudulent charges. Defendant has failed to do so, and it evidently refuses to do so, breaching its duty and warranting declaratory and injunctive relief.

37.     As a direct and proximate result of Defendant's conduct, the Plaintiff and the Class have been damaged. Upon information and belief, the damages include, but are not limited to, loss of control of credit card and other personal financial information; monetary loss for fraudulent and/or unauthorized charges on accounts; fear and apprehension of fraud; expenses or loss of money; identity theft; the burden and cost of credit monitoring to monitor accounts and credit history; the burden and cost of closing compromised accounts and opening new accounts; the burden of closely scrutinizing credit card statements for past and future transactions; damage to credit history; loss of privacy; and other economic damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, for herself and on behalf of all others similarly situated, respectfully requests the following relief:

a. certification of this lawsuit as a class action pursuant to Federal Rule of Civil Procedure 23(a), (b)(2), and (b)(3), and appointment of Plaintiff and her counsel to represent the Class;

b. a final judgment against the Defendant on the claims alleged herein;

c. an injunction requiring the Defendant to promptly, fully, and effectively inform each Class member of the date and precise nature of the theft of the Class member's data;

d. an injunction requiring Defendant to update its systems and policies in a manner that will reasonably prevent this type of harm in the future;

e. an award to the Plaintiff and Class of attorneys' fees, expenses, and costs of this suit;

f. such other and further relief that is just and appropriate.

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY**

**ON ALL ISSUES IN THIS CAUSE**

Local Rule 7.1 Compliance Certificate

Pursuant to L.R. 7.1.D, this certifies that the foregoing document complies with the font and point selections approved by L.R. 5.1.C. The foregoing document was prepared using Times New Roman font in 14 point.

Filed this the 27th day of January, 2014.

*/s/ James F. McDonough, III*
James F. McDonough, III (GA Bar #: 117088)
Heninger Garrison Davis, LLC.
3621 Vinings Slope
Suite 4320
Atlanta, GA 30339
P: (404) 996-0860
F: (205) 380-8076
JMcdonough@hgdlawfirm.com

W. Lewis Garrison (GA Bar #: 286815)
Heninger Garrison Davis, LLC.
2224 First Avenue North
Birmingham, AL 35203
P: (205) 326-3336
F: (205) 380-8085
Lewis@hgdlawfirm.com


DEFENDANT MAY BE SERVED AT THIS ADDRESS:

NEIMAN MARCUS GROUP, LTD, LLC
1618 MAIN STREET
DALLAS, TX 75201